IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| BRANDYE LYNN HICKS | § | |
| | § | |
| VS. | § | CIVIL NO. 5:14cv145-RWS-CMC |
| | § | |
| COMMISIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

## **MEMORANDUM ORDER**

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Plaintiff filed objections to the Report and Recommendation. The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

REPORT AND RECOMMENDATION

In the August 18, 2016 Report and Recommendation, the Magistrate Judge noted that in her first issue on appeal, Plaintiff asserts the Administrative Law Judge's ("ALJ") credibility finding is erroneous. In her second and third issues, Plaintiff asserts the ALJ's incorrect credibility finding caused an incorrect residual functional capacity finding, and the erroneous residual functional capacity finding renders erroneous the ALJ's finding that Plaintiff can perform jobs existing in the national economy. (Report and Recommendation at 19–20). Thus, according to the Magistrate Judge, the overarching issues before the Court are whether substantial evidence of record supports the ALJ's decision regarding Plaintiff's credibility and whether the ALJ applied the correct legal standards in reaching that decision.

The Magistrate Judge found the ALJ articulated legitimate reasons supported by substantial evidence for discrediting Plaintiff's subjective complaints. (*Id.* at 25–26). Noting Plaintiff's second and third issues rested entirely on the success of her argument that the ALJ improperly assessed her credibility, the Magistrate Judge found those issues without merit as well.

## OBJECTIONS

Plaintiff objects to the Magistrate Judge's recommendation that Plaintiff's above-entitled and numbered social security cause of action be affirmed. Plaintiff asserts as follows:

> **Objection: The Magistrate Judge erred in finding that the ALJ correctly applied the applicable legal standards in assessing Ms. Hicks's credibility** (*Report and Recommendation* at 25–26), **residual functional capacity** ("RFC"), **and ability to perform work in the national economy** (*Id.* at 26), **and in finding that substantial evidence supports those assessments** (*Id.* at 25–26).

(Dkt. No. 20 at 1). In support of this global objection, Plaintiff argues that the ALJ did not apply the correct "treating physician evidence standards" and consequently gave too little weight to the Community Healthcore records. (Dkt. No. 20 at 2–4). Specifically, Plaintiff argues that the ALJ discounted Community Healthcore records spanning a time period of at least four years and ten months "because of a single document, from a single day, from one doctor," presumably referencing the form submitted by Dr. Montoya. (*Id.* at 3; see Tr. 28). Plaintiff finally argues that if the Community Healthcore evidence were properly considered, substantial evidence would not support the Commissioner's decision. (Dkt. No. 20 at 4).

## *DE NOVO* REVIEW

The ALJ applied the correct standards to the Community Healthcore records and considered them extensively in his opinion. The ALJ also considered other evidence of record in

arriving at the ultimate decision denying Ms. Hicks's disabled status. Accordingly, Plaintiff's objections are overruled, and the Report and Recommendation is **ADOPTED**.

First, the ALJ was not required to consider the six factors of 20 C.F.R. § 404.1527(d) with respect to Dr. Montoya's form. An "ALJ must consider the six factors in subsection (d) [i.e. 20 C.F.R. § 404.1527(d)] only with respect to the *medical opinions* of treating physicians" and only when the ALJ reaches conclusions that conflict with the doctor's evaluation. *Frank v. Barnhart*, 326 F.3d 618, 620–21 (5th Cir. 2003) (emphasis in original). Conversely, opinions by treating doctors as to determinations that are reserved to the Commissioner "have no special significance." *Id.* at 620. Dr. Montoya's form contains limited medical analysis: "[d]ue to episodic hypomanic excitement, pressuredness [sic], and impulsivity, performance varies." (Tr. at 681–83). This analysis, repeated on each page, is the only support Dr. Montoya gives for his determinations—communicated only by check-marks—as to Ms. Hicks's ability to follow work rules, relate to co-works, etc. Because these determinations are those reserved to the Commissioner and do not reflect well-reasoned medical opinion, the ALJ was not entitled to accord them special weight. Moreover, the ALJ's opinion does not conflict with Dr. Montoya *medical* findings. To the contrary, it acknowledges that Ms. Hicks may be prone to episodic hypomanic excitement, pressuredness and impulsivity. (*See* Tr. at 25).

Second, contrary to Plaintiff's assertion, the ALJ considered the Community Healthcore records and specifically Plaintiff's non-compliance with medical treatment contained in those records. As noted by the Magistrate Judge, on February 28, 2011, Plaintiff failed to appear for her appointment at Community Healthcore. (Report and Recommendation at 4). The appointment was rescheduled for March 7, but Plaintiff cancelled this appointment. Plaintiff did not show for the rescheduled appointment on March 15 and later cancelled her April 11,

2011 appointment. (*Id*.) On May 9, 2011, a Brief Crisis Intervention was completed by Community Healthcore after Plaintiff made suicidal threats in the presence of arresting officials. (*Id.* at 5). Plaintiff advised she was not taking her medications, stating they did not work. She was noted to be self-medicating. Plaintiff tested positive for methamphetamine, and she acknowledged last using three days prior. (*Id.*)

> Plaintiff returned to Community Healthcore on July 13, 2011 and it was noted: She has totally self adjusted all of her medications since I saw her last. She is famous for this. She has stopped Lithium and Seroquel. She restarted some Wellbutrin she had at the house. She says she cannot go without an antidepressant. She says she feels good right now. She sleeps fine. No manic behavior.

(*Id.* at 6). Plaintiff was again non-compliant with medication in July of 2011. (*Id.*)

As noted by the Magistrate Judge, non-compliance with prescribed treatment is a proper factor for the ALJ to consider in assessing a claimant's credibility. (*Id.* at 23 (citing *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir.1990))). Here, the ALJ stated "[Plaintiff's] credibility is seriously undermined by her non-compliance with medical treatment." (Tr. 25). This is only one reason given by the ALJ in support of his credibility finding. The ALJ also provided the following legitimate reasons: (1) insufficiency of the evidence (including treating physician Dr. Montoya's January 14, 2013 "conclusory form") to support Plaintiff's alleged disabling physical and mental limitations; (2) his close observation of Plaintiff's "demeanor and behavior, responses and manner of responses to questions, facial expressions and body dynamics, reactions in and to the hearing proceedings, and entrance and exit"; and (3) her mostly normal mental abilities support the residual functional capacity restriction "that she has the ability to learn, understand, remember, and carry out detailed instructions," which is consistent not only "with her goal-directed thought process" and "average intelligence that she exhibited throughout her

examinations," but also with her abilities to "perform a wide range of mentally demanding activities (for example, "to sit through television shows and movies" and a 90-minute hearing, use a cell phone, "understand hygiene rules well enough to tend to her personal hygiene needs," complete light household chores, "remember recipes well enough to prepare meals," use a computer and online networking websites, care for her teenage son without any State Agency involvement, and "understand and remember safety rules well enough to drive a car"). (Report and Recommendation at 21–22).

After reviewing the transcript, the briefs of the parties, the Report and Recommendation, and the objections, the Court finds Plaintiff's objections are without merit. The Court agrees with the Magistrate Judge that the ALJ articulated legitimate reasons supported by substantial evidence for discrediting Plaintiff's subjective complaints, and the ALJ applied correct legal standards in weighing the evidence. The Court also finds substantial evidence supports the ALJ's residual functional capacity finding as well as the ALJ's finding that Plaintiff is capable of performing jobs existing in the national economy.

The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report and Recommendation of the Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that the above-entitled Social Security action is **AFFIRMED**.

**SIGNED this 26th day of September, 2016.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE